IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ZANOPRIMA LIFESCIENCES, LTD., <br> Plaintiff, <br><br> v. <br><br> HANGSEN INTERNATIONAL GROUP LTD., <br> Defendant. | § <br> § <br> § <br> §    NO. 6:22-CV-00268-ADA <br> § <br> § <br> § <br> § |

**ORDER GRANTING PLAINTIFF'S RENEWED EXPEDITED *EX PARTE* MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE ON DEFENDANT [ECF No. 10]**

Came on for consideration this date is Plaintiff's Renewed Expedited *Ex Parte* Motion for Leave to Effect Alternative Service on Defendant. ECF No. 10 (the "Renewed Motion"). After careful consideration of the Renewed Motion and the applicable law, the Court **GRANTS** Plaintiff's Renewed Motion.

**I. BACKGROUND**

Plaintiff Zanoprima Lifesciences Ltd. ("Zanoprima") sued Hangsen International Group Ltd. ("Hangsen") on March 12, 2022, alleging patent infringement. *See* ECF No. 1 (the "Complaint"). On March 24, 2022, Zanoprima sought leave to effect alternative service on Hangsen. ECF No. 7. Zanoprima alleges that Hangsen is a Chinese corporation with principal places of business in Hong Kong and Shenzhen. *Id.* at 1. And, according to Zanoprima, John Murphy, a U.S. attorney with Baker & Hostetler LLP, acknowledged receipt on January 3, 2022, of a cease-and-desist letter Zanoprima directed at Hangsen. *Id.* at 1–2. Mr. Murphy purportedly stated that Baker & Hostetler will represent Hangsen in this Action. *See id.* at 2. On March 23, 2022, Mr. Murphy confirmed that Hangsen would not waive service. *See id.*

On March 24, 2022, Zanoprima moved under Federal Rule of Civil Procedure 4(f)(3) for leave to effect alternative service upon Hangsen via Hangsen's U.S. counsel at Baker & Hostetler. *See id.* at 7. On April 5, 2022, the Court denied that motion without prejudice because Zanoprima had not shown that it had attempted "to serve Defendant through more conventional means, like service under the Hague Convention." ECF No. 9 at 3.

On April 14, 2022, Zanoprima renewed its motion under Rule 4(f)(3) for leave to effect alternative service upon Hangsen via Hangsen's U.S. counsel at Baker & Hostetler. ECF No. 10. Zanoprima represents that it has made four attempts at "traditional service." *Id.* at 1. First, it sent process via FedEx delivery to Hangsen's invoice address in Kowloon, Hong Kong; that package was ostensibly delivered March 31, 2022. *Id.* at 3. Second, Zanoprima hand delivered process to Hangsen's current registered address in Kowloon, Hong Kong on April 14, 2022. *Id.* at 3. According to Zanoprima, the receptionist at that location refused to accept service but Zanoprima's server nevertheless inserted the summons through the front door. *Id.* Third, that same day Zanoprima also made hand delivery at Hangsen's invoice address in Kowloon, Hong Kong. *Id.* at 3–4. Zanoprima has submitted a delivery form reflecting what appears to be a Hangsen stamp, purportedly confirming Hangsen's acceptance of the process documents. ECF No. 10-7. Fourth and finally, Zanoprima also sent process via FedEx to Hangsen's "company secretary/body corporate address as reflected in its March 28, 2022 Annual Return." ECF No. 10 at 4.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) states that a foreign corporation served outside the United States are to be served "in any manner prescribed by Rule 4(f) for serving an individual, expect personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). "Rule 4(f)(3) provides that the Court may authorize service on a foreign individual 'by other means not prohibited by international agreement.'" *STC.UNM v. Taiwan Semiconductor Manufacturing Co. Ltd.*, No. 6:19-

cv-261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019) (quoting Fed. R. Civ. P. 4(f)(3)). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Id.* (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)).

### III. ANALYSIS

The Court will permit alternative service here where Zanoprima has shown that it has attempted to serve Hangsen through more traditional means first. To be sure, the Federal Rules of Civil Procedure do not demand that a plaintiff "attempt to effect service under Rule 4(f)(1) before requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *UNM Rainforest Innovations v. D-Link Corp.*, No. 6-20-CV-00143-ADA, 2020 U.S. Dist. LEXIS 122328, at *4-5 (W.D. Tex. July 13, 2020) (quoting *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-cv-369, 2014 U.S. Dist. LEXIS 185740, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014)). Indeed, "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' . . . It is merely one means among several which enables service of process on an international defendant." *Rio Props.*, 284 F.3d at 1015 (quoting *Forum Fin. Grp. v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001)).

But, as this Court has recognized, "district courts are more likely to permit alternative service by email if service in compliance with the Hague Convention was attempted." *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 U.S. Dist. LEXIS 106909 (W.D. Tex. June 17, 2020) (collecting cases). Indeed, this Court has repeatedly recognized that "principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *Id.* at *6 (quoting *Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-088, 2014 U.S. Dist. LEXIS 60665, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014)).

3

This Court recently concluded that personal service upon a Chinese company at its principal place of business in Hong Kong was proper under Federal Rule of Civil Procedure 4(f)(2)(A), even if not executed through a Central Authority according to the Hague Convention. *See* Memorandum Opinion & Order, *Maxell v. Amperex Tech. Ltd.*, No. 6:21-cv-347, ECF No. 88 at 13–19 (W.D. Tex. April 20, 2022). The Court is therefore satisfied that Zanoprima's attempts to serve Hangsen in Hong Kong via personal service (i.e. hand delivery) and postal service, described in more detail above, constitute traditional or conventional—even potentially acceptable[1]—means of service. Zanoprima has also represented that Hangsen and its U.S. counsel are aware of this suit and have refused to waive service. These facts, taken together, justify the exercise of this Court's discretion to grant Plaintiff the ability to effect alternative service so this action can timely proceed. *See Maxwell, Ltd. v. Lenovo Grp. Ltd.*, No. 6:21-CV-1169, 2022 U.S. Dist. LEXIS 27662, at *6 (W.D. Tex. Feb. 15, 2022) (granting service upon Chinese defendant already aware of suit, after plaintiff's several attempts at service via more traditional means).

Before granting alternative service, this Court must also be assured that the requested service will satisfy due process. Because the claims were brought in the Western District of Texas, an alternative method of service of process is valid if it complies with Texas's long-arm statute. The Texas long-arm statute does not require the transmittal of documents abroad when serving a foreign defendant. *See Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*, No. 3:17-cv-01827-N, 2018 U.S. Dist. LEXIS 118058, 2018 WL 3330022, at *3 (N.D. Tex. Mar. 16, 2018) (quoting *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007)). And courts have repeatedly interpreted the Texas long-arm statute "to reach as far as the federal

---

[1] Given the *ex parte* nature of this Motion, the Court will not rule that Zanoprima's attempts at service, described above, properly effected service Hangsen.

constitutional requirements of due process will allow." *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996); *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991); *U-Anchor Adver. Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1997).

Service on Hangsen's U.S. counsel satisfies federal due process. To satisfy the constitutional requirements of due process, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950). Due process is satisfied when efforts at giving notice provide fundamental fairness by exhibiting a reasonable probability of actual notice. *Id.* at 317–18. Zanoprima's proposed method of alternative service to email Hangsen's U.S. counsel comports with due process. This Court has held that "[e]-mail on the domestic counsel of a foreign defendant complies with constitutional notions of due process, because it is reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *WSOU Investments LLC v. OnePlus Technology (Shenzhen) Co., Ltd.*, C.A. No. 6:20- cv-00952-ADA, 2021 U.S. Dist. LEXIS 127056, 2021 WL 2870679, at *5 (W.D. Tex. July 8, 2021); *Maxwell*, 2022 U.S. Dist. LEXIS 27662, at *8 (same). Zanoprima has already attempted to serve Hangsen in Hong Kong, the location of Hangsen's ostensible principal place of business. Hangsen is already aware of this action, according to Zanoprima. The Court is therefore confident an email to Hangsen's U.S. counsel will suffice to apprise Hangsen of this Action in the unlikely event it is not yet aware.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Renewed Motion at ECF No. 10 is **GRANTED**. It is therefore **ORDERED** that Plaintiff may serve Defendant Hangsen International Group Ltd. via email upon its current U.S. counsel, John Murphy of Baker & Hostetler LLP.

SIGNED this 20th day of April, 2022.

                                                                                  _____
                                                                                   ALAN D ALBRIGHT
                                                                                   UNITED STATES DISTRICT JUDGE