## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **ZANOPRIMA LIFESCIENCES, LTD.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| *v.* | § | **NO. 6:22-CV-00268-ADA** |
| | § | |
| **HANGSEN INTERNATIONAL GROUP** | § | |
| **LTD.,** | § | |
| **Defendant.** | § | |
| | § | |

### ORDER DENYING PLAINTIFF'S EX PARTE EXPEDITED MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE ON DEFENDANT [ECF No. 7]

Came on for consideration this date is Plaintiff's Ex Parte Expedited Motion for Leave to Effect Alternative Service on Defendant. ECF No. 7 (the "Motion"). After careful consideration of the Motion and the applicable law, the Court **DENIES** Plaintiff's Motion without prejudice.

### I. BACKGROUND

Plaintiff Zanoprima Lifesciences Ltd. ("Zanoprima") sued Hangsen International Group Ltd. ("Hangsen") on March 12, 2022, alleging patent infringement. *See* ECF No. 1 (the "Complaint"). On March 24, 2022, Zanoprima sought leave to effect alternative service on Hangsen. ECF No. 7. Zanoprima alleges that Hangsen is a Chinese corporation with principal places of business in Hong Kong and Shenzhen. *Id.* at 1. And, according to Zanoprima, John Murphy, a U.S. attorney with Baker & Hostetler LLP, acknowledged receipt on January 3, 2022, of a cease-and-desist letter Zanoprima directed at Hangsen. *Id.* at 1–2. Mr. Murphy purportedly stated that Baker & Hostetler will represent Hangsen in this Action. *See id.* at 2. On March 23, 2022, Mr. Murphy confirmed that Hangsen would not waive service. *See id.*

Zanoprima now approaches this Court, requesting under Federal Rule of Civil Procedure 4(f)(3) leave for alternative service upon Hangsen via Hangsen's U.S. counsel at Baker & Hostetler. *See* id. at 7.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) states that a foreign corporation served outside the United States are to be served "in any manner prescribed by Rule 4(f) for serving an individual, expect personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). "Rule 4(f)(3) provides that the Court may authorize service on a foreign individual 'by other means not prohibited by international agreement.'" *STC.UNM v. Taiwan Semiconductor Manufacturing Co. Ltd.*, No. 6:19-cv-261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019) (quoting Fed. R. Civ. P. 4(f)(3)). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Id.* (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)).

## III. ANALYSIS

The Court will not permit alternative service here where Zanoprima has not shown that it made any effort to serve Hangsen through other, more traditional means first. To be sure, the Federal Rules of Civil Procedure do not demand that a plaintiff "attempt to effect service under Rule 4(f)(1) before requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *UNM Rainforest Innovations v. D-Link Corp.*, No. 6-20-CV-00143-ADA, 2020 U.S. Dist. LEXIS 122328, at *4-5 (W.D. Tex. July 13, 2020) (quoting *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-cv-369, 2014 U.S. Dist. LEXIS 185740, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014)). Indeed, "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' . . . It is merely one means among several which enables service

of process on an international defendant." *Rio Props.*, 284 F.3d at 1015 (quoting *Forum Fin. Grp. v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001)).

But, as this Court has recognized, "district courts are more likely to permit alternative service by email if service in compliance with the Hague Convention was attempted." *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 U.S. Dist. LEXIS 106909 (W.D. Tex. June 17, 2020) (collecting cases). Indeed, this Court has time-and-again recognized that "principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *Id.* at *6 (quoting *Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-088, 2014 U.S. Dist. LEXIS 60665, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014)). Here, the Court will, consistent with its recent practice, exercise its discretion to deny Plaintiff's motion for alternative service for failing to describe Plaintiff's efforts to serve Defendant through more conventional means, like service under the Hague Convention. *See Aprese Sys. Tex., LLC v. Audi AG*, No. 6:21-CV-01014-ADA, 2022 U.S. Dist. LEXIS 53901, at *8 (W.D. Tex. Mar. 25, 2022) (denying alternative service on a German defendant where the plaintiff failed to identify any attempt at more conventional service); *Guangzhou Jinli Elec. Tech. Co. v. Shenzhen Damuzhi Health Info. Consulting Co.*, No. W-21-CV-01383-ADA, 2022 U.S. Dist. LEXIS 9171, at *2 (W.D. Tex. Jan. 19, 2022) (same, on a Chinese defendant); *Trs. of Purdue Univ. v. STMicroelectronics N.V.*, No. 6:21-CV-00727-ADA, 2021 U.S. Dist. LEXIS 222677, at *6 (W.D. Tex. Nov. 18, 2021) (same, on a Dutch defendant); *Monolithic Power Sys. v. Meraki Integrated Circuit (Shenzen) Tech., Ltd.*, No. 6:20-CV-00876-ADA, 2021 U.S. Dist. LEXIS 205909, at *4 (W.D. Tex. Oct. 25, 2021) (same, on a Chinese defendant); *Cedar Lane Techs. Inc. v. Hitachi Kokusai Elec. Inc.*, No. 6:21-CV-00423-ADA, 2021 U.S. Dist. LEXIS 185134, at *2 (W.D. Tex. Sep. 27, 2021) (same, on a Japanese defendant).

## IV. CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Alternative Service is **DENIED** without prejudice.

SIGNED this 5th day of April, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE