# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ZANOPRIMA LIFESCIENCES, LTD, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § Civil Action No. 6:22-cv-00268-ADA <br> § <br> HANGSEN INTERNATIONAL GROUP § <br> LTD, § <br> § <br> Defendant. § | |

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE ONE INTERROGATORY OF PRE-MARKMAN DISCOVERY ON DEFENDANT**

Plaintiff Zanoprima Lifesciences, Ltd. ("Plaintiff" or "Zanoprima") files this motion for leave to serve **one** pre-*Markman* interrogatory on Defendant Hangsen International Group Ltd. ("Defendant" or "Hangsen"). Zanoprima's interrogatory is necessary to help determine whether additional parties should be joined in this action. Judicial efficiency dictates that this limited discovery be conducted pre-*Markman*.

Zanoprima's Complaint alleges that Hangsen has directly and indirectly infringed U.S. Patent 10,913,962 (the "'962 Patent"). *See* ECF 1 at ¶¶ 36-42 (direct infringement); ¶¶ 43-47 (induced infringement); ¶ 48 (contributory infringement). In its Answer, "Hangsen admits it has sold certain Accused Products in China to distributors that do business in the United States," "admits it sells and offers for sale the Accused Products in China to third parties" and "admits that third parties have imported Accused Products in the United States and have manufactured" products that incorporate the Accused Products. ECF 20 at ¶¶ 44, 46. As such, Hangsen's Answer admits that Hangsen is aware of third parties that obtain the Accused Products from Hangsen and

potentially directly infringe the '962 Patent by importing the Accused Products into the United States.

Simply put, Hangsen's Answer attempts to "shift" blame for any infringing importation to unspecified third parties. Taking Hangsen's admissions as true that other companies are doing the importation alleged of infringement, it serves judicial economy for any potential third party infringer to be added at the earliest juncture. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *see also* 4 Moore's Federal Practice §§ 21.02, .04 (2020) (stating that Rule 21 provides the court with great discretion to issue orders regarding joinder of parties that will allow for efficient case administration). Here, the proposed interrogatory covers a discrete set of information (identification of distributors/importers of the Accused Products and associated sales) over a very limited time period (since February 9, 2021, when the '962 Patent issued). Zanoprima respectfully suggests that efficiency dictates that Hansen provide, pre-*Markman*, the names of the parties that it has alleged import or sell Accused Products into the United States.

For the forgoing reasons, Zanoprima respectfully requests leave to serve the following interrogatory which seeks to have Hangsen identify the third parties that it referenced in its Answer.

> Identify all persons and entities, such as distributors, manufacturers, customers, wholesalers, brokers, intermediaries, or importers, to which You have distributed, sold, or otherwise provided Accused Products (including those entities referenced in paragraphs 14, 44, and 46 of Your Answer) which You know or have reason to believe are, have, or are likely to offer to sell, sell, or import Accused Products into the United States, either directly or indirectly, and provide a monthly summary since February 9, 2021 of the volume and revenue of those sales or importations.

Zanoprima further respectfully requests that Hangsen be ordered to respond to the proposed interrogatory within twenty one (21) days of the Court's Order.

Dated: June 1, 2022

Respectfully submitted,

*/s/ Marc B. Collier*

    Marc B. Collier
    State Bar No.  00792418
    marc.collier@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, TX  78701-4255
Telephone:    (512) 474-5201
Facsimile:      (512) 536-4598

    Daniel Prati
    State Bar No.  24070446
    daniel.prati@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX 77010
Telephone:    (713) 651-3726
Facsimile:      (713) 651-5151

    Jaime Stark (admitted *pro hac vice*)
    State Bar No.  24101163
    jaime.stark@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX 77010
Telephone:    (713) 651-5632
Facsimile:      (713) 651-5151

Counsel for Plaintiff Zanoprima Lifesciences Ltd.

- 4 -

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel of record for Zanoprima met and conferred with counsel of record for Hangsen by videoconference on Friday May 27, 2022. Counsel for Hangsen stated that it opposes this motion.

|  | *Marc Collier* |
|  | Marc Collier |